IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERONICA BROWN, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABM INDUSTRIES, INC.; ABM JANITORIAL SERVICES, INC., now known as ABM ONSITE SERVICES, INC.; ABM ONSITE SERVICES, INC.; ABM JANITORIAL SERVICES - NORTH CENTRAL, INC.; DIVERSCO, INC.; and ABM JANITORIAL SERVICES - SOUTHEAST, LLC,<br><br>Defendants. | No. 1:15-CV-06729<br><br>Hon. Judge Amy J. St. Eve<br><br>Magistrate Judge Sidney I. Schenkier |

### DEFENDANTS' MOTION FOR TIME TO ANSWER OR OTHERWISE PLEAD

Defendants, by and through their attorneys, Littler Mendelson, P.C., and for their Motion For Time To Answer or Otherwise Plead to Plaintiffs' First Amended Collective and Class Action Complaint ("Amended Complaint"), state as follows:

1. Defendants file this motion because Plaintiffs have backed away from an agreement on accepting service of the Amended Complaint in exchange for an agreement on a date certain for all Defendants to answer or otherwise plead to the Amended Complaint. Defendants acknowledge service of the Amended Complaint on August 21, 2015 via email from Plaintiffs' counsel. Given that service date, Defendants respectfully request that they be given 21 days from August 21—*i.e.*, until September 11, 2015—to answer or otherwise plead to the Amended Complaint. Defendants further request that the due date for the initial joint status

report now be September 16, 2015; that the initial status hearing date be rescheduled to September 22, 2015 at 8:30 a.m., subject to the Court's availability; and that if Defendants file a motion to dismiss before the filing of the joint status report, the Court continue the filing date for the joint status report without tolling the statute of limitations until after the Court rules on the pending motion.

2. On July 31, 2015, Plaintiff Veronica Brown initiated this action by filing a "Collective Action and Class Action Complaint" alleging violations of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment and Collection Act ("IWPCA"). (ECF # 1).

3. On the same day that she initiated this action, Plaintiff filed a "Motion For Conditional Collective Action Certification." (ECF # 3). Paragraph 30 of that motion states: "Plaintiff filed this motion at the same time she filed her Complaint pursuant to the directives in *Damasco v. Clearwire Corporation*, 662 F.3d 891 (7th Cir. 2011). Plaintiff intends to incorporate a memorandum of law in support of his [sic] motion at a later date, after certain initial discovery has been completed to support the memorandum."

4. Also on July 31, Plaintiff filed a motion for class certification under Federal Rule of Civil Procedure 23 to certify an Illinois state law class. Paragraph 34 of that motion states: "Plaintiff filed this motion at the same time she filed her Complaint pursuant to the directives in *Damasco v. Clearwire Corporation*, 662 F.3d 891 (7th Cir. 2011) and *Barber v. American Airlines, Inc.*, 241 Ill.2d 450 (2011). Plaintiff intends to incorporate a memorandum of law in support of his [sic] motion at a later date, after certain initial discovery has been completed to support the memorandum." (ECF #4).

5. On August 4, 2015, this Court entered an Order setting an initial status conference

for September 14, 2015 and ordering the parties to file a joint status report by September 9, 2015. (ECF # 13). That Order further provided that: "If the defendant files a motion to dismiss prior to the filing of the joint status report, the Court will continue the filing date for the joint status report until after the Court rules on the pending motion. Plaintiff's motion for class certification [4] is denied without prejudice. Defendants are on notice that this is a putative class action."

6. On August 9, 2015, Plaintiff filed the Amended Complaint. On or about August 19, 2015, one of the Defendants named in the Amended Complaint was served. *See* Ex. A, Declaration of James J. Oh, ¶ 2.

7. On August 20, 2015, Defendants' counsel suggested a stipulation to Plaintiffs' counsel that Defendants' counsel would accept service of the Amended Complaint on behalf of all named Defendants and that Defendants would have 21 days from the date of acceptance of service to answer or otherwise plead. *See* Ex. A, Declaration of James J. Oh, ¶ 3.

8. On August 21, 2015, Plaintiffs' counsel appeared to agree to this stipulation without condition, but then on August 25, 2015, changed positions, informing Defendants' counsel that Plaintiffs could not agree to such a stipulation unless Defendants agreed to toll the statute of limitations while a motion to dismiss was pending. (*Id*.). Defendants do not agree to toll the statute of limitations. The Court's August 4, 2015 Order contemplated continuing the filing date of the joint status report without tolling the statute of limitations if Defendants moved to dismiss the original complaint. Further, Plaintiffs' motions for conditional certification and for Rule 23 class certification, which were filed as placeholders, contemplate conducting initial discovery without tolling the statute of limitations. Accordingly, Defendants respectfully submit that, should they move to dismiss the Amended Complaint, the Court should continue the filing date of the joint status report without tolling the statute of limitations.

WHEREFORE, Defendants respectfully request that the Court enter an Order setting the deadline for the time to answer or otherwise plead to the Amended Complaint to be September 11, 2015; setting the deadlines for the joint status report to be September 16, 2015 and the date for the initial status hearing to be September 22, 2015; and ordering that if Defendants file a motion to dismiss the Amended Complaint before the filing of the joint status report, the Court continue the filing date for the joint status report without tolling the statute of limitations until after the Court rules on the pending motion.

    Respectfully submitted,

By: */s/ James J. Oh*
    James J. Oh
    *One of the Attorneys for Defendants*

James J. Oh
Darren Mungerson
Christina Andronache
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654
312.372.5520

Dated: August 26, 2015

## CERTIFICATE OF SERVICE

I, James J. Oh, an attorney for Defendants, certify that on August 26, 2015, I caused to be filed the foregoing with the Electronic Case Filing ("ECF") system of the United States District Court for the Northern District of Illinois, which caused notice of same to be sent via ECF system to:

Thomas M. Ryan
Law Office of Thomas M. Ryan
35 E. Wacker Drive, Suite 650
Chicago, Illinois 60601
tom@tomryanlaw.com

Glen J. Dunn
Angel Bakov
Haig A. Himidian
Glen J. Dunn & Associates, Ltd.
221 North LaSalle Street
Suite 1414
Chicago, Illinois 60601
gdunn@gjdlaw.com
abakov@gjdlaw.com
hhimidian@gjdlaw.com

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 S. Michigan Ave., Suite 2600
Chicago, IL 60603
bormeslaw@sbcglobal.net
cpsons@bormeslaw.com

/s/ *James J. Oh*
James J. Oh