UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRICE IKBY BINISSIA and HALINA SUCHECKA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ABM INDUSTRIES, INC.; ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL SERVICES – NORTH CENTRAL, INC.; ABM JANITORIAL SERVICES – MIDWEST, LLC; and ABM JANITORIAL SERVICES – SOUTHEAST, LLC, <br><br> Defendants. <br><br> VERONICA BROWN, Individually and an Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ABM INDUSTRIES, INC.; ABM JANITORIAL SERVICES, Inc., now known as ABM ONSITE SERVICES, INC.; ABM ONSITE SERVICES, INC.; ABM JANITORIAL SERVICES – NORTH CENTRAL, INC., <br><br> Defendants. | Judge Joan B. Gottschall <br><br> Magistrate Judge Daniel G. Martin <br><br> No. 13 cv 1230 <br><br> No. 15 cv 6729 <br><br> *Consolidated for Purposes of Settlement* |

## FINAL APPROVAL AND DISMISSAL ORDER

This matter coming before the Court on the request of Plaintiffs for final approval of the Parties' Settlement Agreement and Release ("Settlement Agreement"), and for dismissal, and having considered the papers submitted to the Court and proceedings to date, **THE COURT**

**FINDS AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of the Action, the Plaintiffs, the settlement members, and the Defendant;

2. The parties have reached an agreement to settle all claims in the Action;

3. The Court concludes that the Plaintiff and the settlement members are similarly situated; and

4. As set forth in the Court's September 21, 2017 Order, the proposed settlement is within the range of fairness, reasonableness, and adequacy and meets the requirements for final approval.

**THEREFORE, IT IS HEREBY ORDERED:**

A. The Court gives final approval of the Settlement and finds that it is fair, reasonable, and adequate to the Plaintiffs and to each FLSA settlement member; that the settlement is in their best interests; and that the settlement is in full compliance with all requirements of due process and federal law. The Settlement is finally approved in all respects, and its terms and provisions shall be consummated;

B. The Court hereby dismisses this litigation as set forth in paragraph (P) herein, including all claims contained therein, and bars and permanently enjoins all FLSA settlement members from prosecuting any released claims against Defendants, except that the Settlement shall not impact the rights of any person who has timely and effectively requested exclusion from the settlement;

C. The Court finds that Plaintiffs and the collective's counsel adequately represented the settlement members for the purposes of entering into and implementing the Settlement;

D. The Court finds that the Claims Administrator, Dahl Administration LLC, has met

the notice and claims administration requirements as set forth in the Settlement Agreement;

E. The Court approves the settlement payments to be made to each FLSA settlement member;

F. The Court approves the Service Payment to each Named Plaintiff as compensation for his or her time and efforts in the amount of $13,000.00; to each deponent as compensation for his or her time and efforts in the amount of $1,000.00; and to each declarant as compensation for his or her time and efforts in the amount of $150.00, distributed in accordance with the Settlement Agreement;

G. The Court finds that the Claims Administrator, Dahl Administration, LLC, has performed all of its obligations pursuant to the Settlement Agreement. Accordingly, the $42,500.00 in costs for claims administration, as provided in the Settlement Agreement, are approved and shall be paid to the Claims Administrator from the settlement monies;

H. The Court approves the payment of attorneys' fees, costs, and expenses to class counsel in the amount of $3,463,763.41 in attorneys' fees and $325,000.00 in costs. The attorneys' fees and costs award shall be distributed to class counsel in accordance with the terms of the Settlement Agreement;

I. The Effective Date of the Settlement Agreement shall be thirty-one (31) days following the entry of this Final Approval Order, if no appeals are filed within that time frame. If any appeals are timely filed after the entry of the Final Approval Order, the Effective Date shall be the date upon which all appeals have been exhausted, waived, or dismissed with prejudice. No party to the Settlement Agreement may seek to void the Settlement Agreement in any manner other than through the appeal process;

J. Defendants shall fund the settlement five (5) days following the Effective Date;

K. Except as otherwise provided in the Settlement Agreement or herein, the settling parties are to bear their own attorneys' fees and costs;

L. The Court orders that any settlement member who did not timely submit a request to opt-out of settlement is bound by the terms of the Settlement Agreement and fully releases and discharges Defendants, and all other released parties set forth in the Settlement Agreement, from all actions or causes of action, whether known or unknown, that the parties agreed to release in the Settlement Agreement;

M. The Court finds that the three (3) individuals identified by the Claims Administrator, as set forth by the Declaration of Kelly Kratz, have timely requested exclusion from the settlement class. These individuals are excluded from the settlement class, are not bound by the terms of the Settlement Agreement, and are not entitled to participate in the monetary portion of the Settlement;

N. Neither this Order, the Settlement Agreement, nor any other document or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any other proceeding as evidence: (a) of an adjudication of the merits of the case; (b) of an adjudication of any of the matters released in the Settlement Agreement; (c) that any party has prevailed in this case; or (d) that Defendants have engaged in any wrongdoing;

O. This Court grants final approval of the Settlement;

P. The above-captioned matters are dismissed without prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The Court retains jurisdiction for sixty (60) days after entry of this Order for the sole purpose of implementation and enforcement of the terms of the Settlement; if no motion to enforce the settlement agreement has been filed on or before March 19, 2018, these actions will be dismissed with prejudice effective

4

March 20, 2018; and

  Q. If the terms of the previous paragraph have been satisfied, the Clerk is directed to enter judgment and dismiss these cases with prejudice on the date stated in the previous paragraph.

Dated: January 19, 2018

                _____
                Hon. Joan B. Gottschall
                United States District Judge